**MITCHELL, Plaintiff, v. SEARS ROEBUCK AND COMPANY et, Defendants.**

Common Pleas Court, Licking County.

No. 37753. Decided April 3, 1957.

R. Brooke Alloway, Columbus, for plaintiff.
Robert H. Flory, Newark, for defendant, A. B. Hampshire.
William Fitzgibbon, Newark, for defendant Augustine T. Wehrle, Executor of the Estate of Cecilia Wehrle Rank, deceased.
Brandt S. Hervey, Newark, for Sears Roebuck and Company.

**OPINION**

By HOLTSBERRY, J.

Plaintiff in her petition asks damages against the several defendants for alleged injury sustained by falling plaster in the Newark store

of Sears Roebuck and Company while she was present therein as a customer.

The defendant, Sears Roebuck and Company, has filed a cross-petition against the defendant Cecilia Wehrle Rank, owner of the building, alleging that a lease was in effect between said Sears and Rank, and that by reason of said lease, particularly paragraph four, a binding condition was stated therein that in the event of a judgment against Sears, said cross-petitioner is entitled to recover against Rank, a judgment equal in amount to any judgment so rendered against this cross-petitioner. In the prayer of the cross-petition Sears prays judgment against Rank equal in amount to any judgment so rendered against Sears.

The defendant Rank moves this Court to strike the cross-petition for the reason that it does not allege a cause of action arising out of the same transaction set forth in the petition or connected with the subject of the action. Sears relies largely on the provisions of §2309.16 R. C., formerly §11317 GC. The first two paragraphs of said Section read as follows:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or arising out of contract or ascertained by the decision of a court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted."

This is known as the Counterclaim Statute. By a 1947 amendment and repeal of §11319 GC, the distinction between counterclaim and set-off was abolished. Counterclaim would now include what was formerly a counterclaim or set-off, or both. Apparently the counterclaim and what was formerly a set-off are in some respects broadened in scope. Formerly a set-off could be pleaded only in a contract action and was a cause of action existing in favor of a defendant against a plaintiff, only.

The petition herein is an action in tort directed against Sears, the landlord and other defendants. The cross-petition in question is an action based on a possible liability of landlord under the lease, and in order for this liability to accrue a complete determination of plaintiff's cause of action would have to be made and judgment by plaintiff against Sears upon facts which would enable Sears to stand upon the lease in a suit against the landlord.

It is apparent from the pleadings that the cross-petition must stand or fall upon the express liability of the lease as applied to plaintiff's judgment. The cross-petition is not an action against another defendant on a present existing claim, but alleges facts which might constitute a claim only if judgment was obtained against Sears.

Sec. 2309.16 R. C., contains the words "cause of action existing."

Since the claim of Sears is not now in existence it is therefore contingent in nature, and dependent upon the outcome of plaintiff's claim for damages and therefore could not be within the contemplation of "counterclaim," as used in said section. Sears cause of action would not come into being, if ever, until a judgment has been rendered against Sears.

The test would be could Sears now sue Rank in a separate cause of action based upon this contingency? It is obvious that such could not be done. If liability should be determined against Sears then such would be the subject of an original action. The motion is sustained.